UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

CHARLES FRALEY,

    Plaintiff,

v.

GENERAL MOTORS LLC,

    Defendant.

Case No. 16-14465
Hon. Terrence G. Berg

**OPINION AND ORDER DENYING PLAINTIFF'S
MOTION FOR REMAND TO SUPPLEMENT THE
ADMINISTRATIVE RECORD (Dkt. 8)**

## I.   Introduction

Charles Fraley, a former GM engineer who went on disability in April 2012, has brought a lawsuit against GM challenging the denial of certain benefits pursuant to the Employee Retirement Income Security Act ("ERISA"). Plaintiff filed claims with Defendant for company-paid Basic Life Insurance, company-paid Health Care Coverage, and COBRA Continuation coverage. Dkt. 8, Pg. ID 3. Defendant allegedly issued a final denial of Plaintiff's claims on January 11, 2016, and Plaintiff maintains he has since exhausted his internal appeals. Dkt. 8, Pg. ID 3. Plaintiff now moves for a remand to the plan administrator in order to supplement the administrative

record. For the reasons outlined below, Plaintiff's Motion for Remand to Supplement the Administrative Record is **DENIED**.

## II. Background

Fraley worked as a GM engineer from September 1997 until April 20, 2012. Dkt. 8, Pg. ID 2. Defendant acknowledges that Plaintiff was approved for a Total and Permanent Disability Retirement, which Plaintiff maintains was due to lupus, Reynaud's syndrome, and chronic obstructive pulmonary disease. Dkt. 4, Pg. ID 23; Dkt. 1, Pg. ID 2.

The Parties disagree on various issues surrounding the type(s) of coverage to which Plaintiff is entitled and Plaintiff's coverage history. For the purposes of the motion before the Court, however, the only issue is whether there is cause to remand the case to the plan administrator in order to supplement the record. Dkt. 6.

## III. Standard of Review

When reviewing an administrator's decision denying benefits, a district court conducts a review "based solely on the administrative record." *Wilkins v. Baptist Healthcare Sys., Inc.,* 150 F.3d 609, 610 (6th Cir. 1998). "The only exception to the . . . principle of not receiving new evidence at the district court level arises when consideration of that evidence is necessary to resolve an ERISA claimant's procedural challenge to the administrator's decision, such as

an alleged lack of due process afforded by the administrator or alleged bias on its part." *Id.* at 618.

The Sixth Circuit has found that remand to an ERISA plan administrator is appropriate in a variety of circumstances when the plan administrator erroneously denies benefits, particularly where the plan administrator's decision suffers from a procedural defect or the administrative record is factually incomplete. *See Shelby County Health Care Corp. v. Majestic Star Casino*, 581 F.3d 355, 373 (6th Cir. 2009) (internal citations omitted). However, with regard to alleged factually incomplete administrative records, the Sixth Circuit has noted that a complainant "cannot 'simply on a hunch' compel [Defendant] to produce documents that either do not exist or were not included in the administrative record in the ordinary course of [Defendant's] business." *Likas v. Life Ins. Co. of North America,* 222 Fed. Appx. 481, 485 (6th Cir. 2007) (unpublished case) (internal citations omitted).

IV. **Analysis**

Plaintiff's motion "contends the administrative record is incomplete with respect to various important records" and "requests the Court order a remand to the administrator to supplement the administrative record." Dkt. 8, Pg. ID 1035, 1036. However, neither Plaintiff's original Complaint nor his motion to remand raises a

3

claim of administrator bias or a claim of procedural deficiency during the underlying administrative proceeding. *See* Dkts. 1, 8. Moreover, Plaintiff does not argue that the administrative record filed by Defendant in this action, Dkt. 6, is an inaccurate or incomplete representation of the record evidence that was reviewed by the plan administrator in the underlying proceeding.

Instead, the motion argues that "[i]n the experience of plaintiff's attorney, and probably in the court's experience" administrative records in ERISA cases like this "routinely" contain evidence that is not present in the administrative record filed by Defendant here. Dkt. 8, Pg. ID 1042. Plaintiff maintains that certain "ordinary and important records" such as "telephone records and logs of conversations with the claimant," are normally included but that here, "the administrative record has no documentation of any telephone communications . . . [and further that t]he administrative record has no written indication that plaintiff's COBRA claim was denied." *Id.* at 1041, 1042.

In reply, Defendant argues there is no basis to allow discovery or to remand to the plan administrator for consideration of additional evidence. Dkt. 12, Pg. ID 1060. Because Plaintiff's Complaint (Dkt. 1) and Motion to Remand (Dkt. 8) do not raise a claim of administrator bias or procedural deficiency, they do not require remand to the plan administrator to consider additional evidence.

4

Dkt 12, Pg. ID 1061-62; *see also Wilkins*, 150 F.3d at 610. Defendant's position is correct. Because Plaintiff's complaint does not allege facts amounting to a denial of procedural due process in connection with the plan administrator's decision, the Court finds that its review in this matter may be correctly based solely on the administrative record, and remand to the administrator for the consideration of additional evidence is not warranted. *See Wilkins,* 150 F.3d at 610; *see also Fendler v. CAN Group Life Assur. Co.*, 247 Fed. Appx. 754, 757-58 (6th Cir. 2007) (unpublished case) (denying a plaintiff's request to supplement the administrative record, in part, for plaintiff's failure to assert a procedural challenge to the administrator's decision in his complaint).

Regarding Plaintiff's claim that remand is necessary because the administrative record is allegedly incomplete, Defendant argues, "[p]laintiff's belief that the filed administrative record is incomplete has no factual support. Defendant cannot supplement the administrative records with documents or materials that do not exist or were not maintained by Defendant in its ordinary course of business." Dkt. 12, Pg. ID 1063 (citing *Likas,* 222 Fed. Appx. at 485 (unpublished case)). While Plaintiff's counsel suggests that certain kinds of evidence are normally found in other ERISA administrative records, Plaintiff has not presented any evidence to suggest

that such documents or materials exist *in this case* that were improperly omitted from the administrative record filed with the Court.

In response to this motion, Defendant searched for records responsive to Plaintiff's requests and discovered an additional correspondence dated June 20, 2014 to Plaintiff from Metropolitan Life Insurance and two recordings of telephone conversations between Plaintiff's former counsel and GM Benefits & Services Center. Dkt. 12, Pg. ID 1064. According to Defendant, these materials were not included in the administrative record filed with the Court because they were "not considered by any administrator in connection with the issues raised in Plaintiff's Complaint." *Id.* However, Defendant informed Plaintiff of its willingness to supplement the filed administrative record to include these materials. *Id.* (citing Dkt. 12-1, Pg. ID 1067). As it appears that both parties support including these documents in the record before this Court, Defendant is hereby directed to supplement the record by filing them.

Other than these additional records, however, Defendant maintains that whatever other kinds of information Plaintiff believes may "typically" be found in other ERISA cases, they apparently are not available here. Dkt. 12, Pg. IDs 1063-64. The speculation of counsel is not a sufficient reason to require a remand to the plan administrator. Consequently, Plaintiff's motion will be denied.

## V. Conclusion

For the foregoing reasons, Plaintiff's Motion for Remand to Supplement the Administrative Record, Dkt. 8, is **DENIED**.

On September 13, 2017, this Court vacated the remaining deadlines set forth in the governing Case Management Scheduling Order, Dkt. 5, until after this Court ruled on Plaintiff's pending motion. The Court hereby **ORDERS** both parties to **appear by telephone on Wednesday January 17, 2018 at 11:30 a.m.** to discuss the remaining scheduling order deadlines. Counsel for Plaintiff shall initiate the call and include the Court when all parties are present by dialing (313) 234-2640.

**SO ORDERED**

Dated: January 9, 2018
s/Terrence G. Berg
TERRENCE G. BERG
UNITED STATES DISTRICT JUDGE

### Certificate of Service

I hereby certify that this Order was electronically filed, and the parties and/or counsel of record were served on January 9, 2018.

s/A. Chubb
Case Manager