# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

CHARLES FRALEY,

    Plaintiff,

v.

GENERAL MOTORS, LLC,

    Defendant.

Case No. 16-14465
Hon. Terrence G. Berg

**ORDER GRANTING DEFENDANT'S MOTION FOR A STATUS CONFERENCE (ECF No. 24), STRIKING PLAINTIFF'S THREE MOTIONS FOR SUMMARY JUDGMENT (ECF No. 18, 20 and 21), AND DENYING PLAINTIFF'S MOTION TO DENY DEFENDANT'S MOTION (ECF No. 25)**

## I. Introduction

This case was initiated on Dec. 27, 2016 as a complaint alleging violations of the Employee Retirement Income Security Act ("ERISA"), 29 U.S.C. §1001, et seq., and the Consolidated Omnibus Budget Reconciliation Act ("COBRA"), 29 U.S.C. §1166(A)(4). ECF No. 1, PageID.1 & 3.

Plaintiff was an engineer employed by Defendant until he developed a disability which prevented him from working. ECF No. 1, PageID.2–3. Plaintiff applied for, and was granted, social security benefits, and Defendant granted Plaintiff "Sickness and Accident

Benefits," as well as "Extended Disability Benefits." ECF No. 1, PageID.3. Plaintiff alleged that Defendant refused to pay for certain other benefits, including life insurance and ongoing health care coverage, and failed to provide COBRA continuation coverage. ECF No. 1, PageID.3–11. Plaintiff alleged also that Defendant violated ERISA by failing to furnish claim and plan documents. ECF No. 1, PageID.11. Defendants filed an Answer with affirmative defenses on January 27, 2017. ECF No. 4.

On April 17, 2017, this Court entered a Scheduling Order for Review of ERISA Administrative Denial of Benefits. ECF No. 5. As noted in that order, "[p]roceedings in this case must be conducted in accordance with the guidelines set forth by the United States Court of Appeals for the Sixth Circuit in *Wilkins v. Baptist Healthcare Sys., Inc.*, 150 F.3d 609, 619 (6th Cir. 1998)[.]" ECF No. 5, PageID.33. *Wilkins* holds, generally, that a district court must conduct a de novo review based solely on the administrative record, and that a district court "may consider evidence outside of the administrative record only if that evidence is offered in support of a procedural challenge to the administrator's decision." ECF No. 4, PageID.34 (citing *Wilkins*, 150 F.3d at 619). *Wilkins* also holds that summary judgment procedures in Federal Rule of Civil Procedure 56 are "inapposite to ERISA actions and thus should not be utilized

in their disposition." *Id*. The Court's order set deadlines for the Procedural Challenge Statements (later extended to June 28, 2017), Cross Motions for Judgment (July 31, 2017), and Responses to those Motions (August 21, 2017). ECF No. 5, PageID.33; ECF No. 7, PageID.1033–1034 (stipulated order extending deadline).

The Court's order also directed defendant to file an agreed-upon joint appendix consisting of all pertinent plan documents and the administrative record, under seal, by May 31, 2017. On May 31, 2017, Defendant filed the Administrative Record with nearly 1,000 pages of attached exhibits including plan documents and administrative records relating to Plaintiff. ECF No. 6. On July 28, 2017, Plaintiff filed a "Motion for Remand to Supplement the Administrative Record," contending that the record was incomplete, and seeking to remand to the administrator to supplement the administrative record. ECF No. 8. To adequately consider this motion, the Court suspended the scheduling order pending its decision. ECF Nos. 10, & 11; Sept. 13, 2017 Text Only Order.

The Court considered arguments from both parties on this (ECF Nos. 8 & 12), and issued an Opinion and Order denying Plaintiff's request. ECF No. 13. In its Opinion and Order, this Court observed that Plaintiff never raised a claim of "administrator bias" or of "procedural deficiency." ECF No. 13, PageID.1070–1071. The

Court further noted that, per the Sixth Circuit, a complainant "cannot 'simply on a hunch' compel [Defendant] to produce documents that either do not exist or were not included in the administrative record in the ordinary course of [Defendant's] business." ECF No. 13, PageID.1070 (quoting *Likas v. Life Ins. Co. of North America*, 222 Fed. Appx. 481, 485 (6th Cir. 2007) (unpublished case) (internal citations omitted)). The Court found that Plaintiff had failed to present any evidence to suggest that the records they sought existed in this case or were improperly omitted. ECF No. 13, PageID.1072–1073. The Court held that it would be able to review this matter based solely on the existing administrative record. ECF No. 13, PageID.1072.

During a telephonic conference held on January 17, 2018 with counsel for both sides, counsel for plaintiff requested leave to withdraw as counsel. The Court granted this oral motion. ECF No. 14. On February 15, 2018, new counsel for Plaintiff filed notice of appearance, and took over litigation of this case. ECF No. 15.

On May 29, 2018, Plaintiff filed a Motion for Summary Judgment. ECF No. 16. On June 8, 2018, this Motion was stricken from the docket for failing to comply with Eastern District of Michigan Local Rules, and the Practice Guidelines of this Court. ECF No. 17, PageID.1434–1435. Plaintiff was directed to correct his motion and re-file it within seven days.

On June 12, 2018, Plaintiff filed his "Ex Parte Motion for Leave to File Plaintiff's Renewed Motion for Summary Disposition, To Amend Complaint, and for Miscellaneous Relief Brief and Supporting Documents." ECF No. 18. Defendants filed a Response in opposition on June 26, 2018. ECF No. 19.

The next day, on June 27, 2018, Plaintiff filed *a third* Motion for Summary Judgment (styled as "Plaintiff's Renewed Motion for Summary Disposition[,] to Amend Complaint, and for Miscellaneous Relief."). ECF No. 20. Then, five days later, on July 2, 2018, Plaintiff caused to be filed on the docket *yet another* Motion for Summary Judgment, although this one appears to contain the same content as the previously-filed Motion for Summary Judgment. ECF Nos. 21 & 20. On the same day, Plaintiff filed an Affidavit from a person named Lawana Jackson as an individual event on the docket. ECF No. 22. Lastly, Plaintiff filed a Reply to Defendant's Response on July 6, 2018. ECF No. 23. Plaintiff indicated in the filing of his Reply that it was in reference to Defendant's Response to Docket Item 20,[1] which was Plaintiff's *third* Motion for Summary Judgment, but Defendants had only filed a Response to Docket Item 18, Plaintiff's *second* Motion for Summary Judgment. To muddy the

---

[1] *See* ECF No. 23 ("REPLY to Response re 20 MOTION for Summary Judgment filed by Charles Fraley. (Attachments: # 1 Exhibit Affidavit of Charles Fraley Re Ineffective Assistance of Counsel) (Dobry, Stanley) (Entered: 07/06/2018)").

5

waters further, Defendants also incorrectly indicated that their Response was in reference to Docket Item 16, the *stricken first* Motion for Summary Judgment.[2] It was instead in reference to Docket Item 18, Plaintiff's *second* Motion for Summary Judgment.

On July 18, 2018, Defendants filed a Motion Requesting Status Conference and to Strike Docket Numbers 20, 21, and 22 (Motion for Summary Judgment, Renewed Motion for Summary Disposition, and Affidavit of Lawana Jackson, respectively). ECF No. 24. Defendants claim, among other things, that Plaintiff's Motion for Summary Judgment dramatically exceeded the 25-page limit set forth in Local Rule 7.1(d)(3)(A), and sought to make arguments that were unavailable in an ERISA action. ECF No.24. Plaintiff then filed a Response in opposition of this (styled as a "Motion to Deny Motion In Its Entirety…") on August 1, 2018. ECF No. 25. Defendants filed a Reply on August 15, 2018. ECF No. 26.

The Court held a telephonic conference with all parties on September 26, 2018. *See* ECF No. 27; Sept. 26, 2018 Minute Entry. During this call, counsel for Plaintiff alleged that, through review of certain discovery materials, he believed that he uncovered evidence that Defendants had not only violated ERISA and COBRA, but a litany of other employment-related laws. Counsel for Plaintiff

---

[2] *See* ECF No. 19 ("RESPONSE to 16 MOTION for Summary Judgment, *to Amend Complaint and for Miscellaneous Relief* filed by General Motors, LLC. (Butler, Kay) (Entered: 06/26/2018)").

6

informed the Court that this is why he had been seeking leave to amend the complaint. The Court was reticent about re-opening discovery at this stage to explore claims that are unavailable in an ERISA action. On this call, the Court informed Plaintiff that it was inappropriate to file a motion for summary judgment that also included a motion to amend the complaint. The Court informed parties that such a motion to amend was properly brought as a distinct motion. Nonetheless, the Court granted Plaintiff leave to file a motion to amend or correct the complaint within two weeks. The Court indicated that it would suspend the current scheduling order in consideration of Plaintiff's forthcoming motion, and re-issue new scheduling dates as necessary upon conclusion of its consideration of Plaintiff's motion.

To date, there are six filings that remain unresolved:

(1) Ex Parte Motion for Leave to File Plaintiff's Renewed Motion for Summary Disposition, To Amend Complaint, and for Miscellaneous Relief Brief and Supporting Documents. June 12, 2018, ECF No. 18 (Plaintiff's filing).

(2) Plaintiff's Renewed Motion for Summary Disposition[,] to Amend Complaint, and for Miscellaneous Relief. June 27, 2018, ECF No. 20 (Plaintiff's filing).

(3) Plaintiff's Renewed Motion for Summary Disposition[,] to Amend Complaint, and for Miscellaneous Relief. July 2, 2018. ECF No. 21 (Plaintiff's filing).

> a. Affidavit of Lawana Jackson. July 2, 2018, ECF No. 22 (Plaintiff's filing).

(4) Defendant's Motion Requesting Status Conference and to Strike Docket Nos. 20, 21, and 22 (Defendant's filing).

(5) Objection, Affirmative and Special Defenses and Answer to Defendant's Motion Requesting a Status Conference and to Strike Dkts. 20, 21, and 22. August 1, 2018, ECF No. 25 (Plaintiff's filing).

(6) Motion for Leave to File Plaintiff's Amended and Supplemental Complaint. Oct. 17, 2018, ECF No. 29 (Plaintiff's filing).

**II. Analysis**

Plaintiff filed his first Motion for Summary Judgment incorrectly, failing to observe the Local Rules and the guidelines of this Court. His motion was therefore stricken and he was ordered to correct these issues and re-file his Motion. Plaintiff then filed *three* more Motions for Summary Judgment (ECF No. 18, 20, 21), each of which far exceeded the page allowance spelled out in Local Rule 7.1(d)(3)(A), and alleged claims not permitted in an ERISA context without obtaining leave of the Court. Plaintiff also somewhat haphazardly filed a lone Affidavit from a person named Lawana Jackson as an individual event on the docket, but it is unclear why this was filed, or which docket item it relates to. ECF No. 22. These filings have only served to confuse the issues at play in this case, and

8

are hindering both parties' ability to proceed expeditiously toward a resolution of this case.

Trial courts have inherent power to control their own docket, and matters of docket control are best left to the discretion of the trial court. *Anthony v. BTR Auto. Sealing Sys., Inc.*, 339 F.3d 506, 517 (6th Cir. 2003); *In re Air Crash Disaster,* 86 F.3d 498, 516 (6th Cir.1996). Managing its docket to achieve an "orderly and expeditious disposition of cases" is within the trial court's inherent powers. *Link v. Wabash R. Co.*, 370 U.S. 626, 631 (1962).

Accordingly, the Court, sua sponte, **STRIKES** Plaintiff's Motion for Summary Judgment (ECF No. 18) for failing to obtain leave to exceed the page limits specified in Local Rule 7.1(d)(3)(A). Furthermore, the Court **GRANTS** Defendant's motion to strike Plaintiff's second and third Motions for Summary Judgment (ECF No. 20, and 21), and the lone Affidavit of Lawana Jackson (ECF No. 22).[3] Finally, the Court **DENIES** Plaintiff's oddly captioned Motion to Deny Defendant's Motion (ECF No. 25).

The remaining matter before the Court is Plaintiff's pending Motion to Amend or Correct the Complaint (ECF No. 29), which the Court granted Plaintiff leave to file, and which has been fully briefed.

---

[3] Plaintiff is not prohibited from filing this Affidavit and may re-file it at a later time—if it is attached as an exhibit to an appropriate pleading.

**The Court hereby sets oral argument on Plaintiff's motion to amend (ECF No. 29) for May 1, 2019.** The Court will issue a separate Notice of Hearing confirming this date and specifying a time.

At that hearing, the Court will set a new scheduling order to govern the remainder of this case. The parties are **ORDERED** not to file any additional motions or other pleadings until further order of the Court.

### III. Conclusion

For the foregoing reasons, Defendant's Motion to Strike is **GRANTED**. The Court **STRIKES** Plaintiff's Motions for Summary Judgment (ECF No. 18, 20, and 21), and Plaintiff's Affidavit of Lawana Jackson (ECF No. 22). Plaintiff's Motion to Deny Defendant's Motion (ECF No. 25) is **DENIED**.

**SO ORDERED.**

        **/s/Terrence G. Berg**
        **TERRENCE G. BERG**
        **UNITED STATES DISTRICT JUDGE**

**Dated: March 28, 2019**