UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| **CHARLES FRALEY**, | 4:16-CV-14465-TGB |
| Plaintiff, | |
| | **ORDER GRANTING** |
| v. | **DEFENDANT'S MOTION TO** |
| | **STRIKE (ECF NO. 51)** |
| **GENERAL MOTORS, LLC**, | |
| Defendant. | |

Defendant General Motors moves to strike all or portions of Plaintiff's "Third Amended Complaint," ECF No. 51.[1]  For the reasons stated below, Defendant's motion to strike portions of the Third Amended Complaint will be **GRANTED**.

A brief procedural history is necessary to place this matter in context.  Plaintiff first asked for leave to file an amended complaint on October 17, 2018. ECR. No. 29. In his  motion to amend, Plaintiff asked to supplement each of his original four counts (Counts I through IV) as well as to add  eleven new counts (Counts V through XV), and a number

---

[1] Although captioned as Plaintiff's "Third Amended Complaint," this pleading is really the second amended complaint presented by Plaintiff. The original Complaint, ECF No. 1, was filed to commence this case. Plaintiff later moved to amend, submitting a proposed "Second Amended and Supplemental Complaint," ECF No. 29, which was actually the first amended complaint.  For ease of identification, however, the Court will use the captions that appear on the pleadings.

1

of additional defendants. ECF. Nos. 29-1, 29-2. In a detailed Order dated June 1, 2020, the Court denied leave to add proposed Counts V-XV, additional defendants, or to supplement Court IV, finding these proposed amendments to be futile.  ECR. No. 46.

The Court also admonished Plaintiff's counsel for unnecessarily complicating the complaint with frivolous allegations, but granted Plaintiff leave to narrowly amend the complaint in strict compliance with the directives contained in the Court's order:

> Plaintiff is **ORDERED** to file an Amended Complaint within 14 days that tracks this Court's Order. The Court will strike any Amended Complaint that deviates from these directives or attempts to further amend or supplement the complaint.

ECF No. 46.  The Order explicitly limited how Counts I-IV could be properly amended, making it clear that only the specific allegations permitted by the Order would be allowed.  Specifically, the Order provided that Counts I-IV could be amended to add the following new allegations:

> i. Count I: Life Insurance. This count may include the allegations set forth in Count I of Plaintiff's Original Complaint, and the following allegations set forth in Count IV in Plaintiff's Proposed Amended Complaint: that the SPD and/or the Plan failed to clearly explain how Plaintiff should seek life insurance coverage and that there may have been some discrepancies in life insurance coverage between the Plan and the SPD. It may also include the allegation that GM did not respond to Plaintiff's administrative appeal with respect to the Life and Disability Plan.

2

ii.   Count II: Health Care Coverage. This count may include the allegations set forth in Count II of Plaintiff's Original Complaint, as well as the following allegations set forth in Count I of Plaintiff's Proposed Amended Complaint: that GM failed to notify Plaintiff that he would lose health care coverage if he retired, which he did on January 1, 2014, and that if there is any discrepancy between the Plan and the SPD, the Plan must be made to conform to the unambiguous promises that were made in the SPD.

iii.   Count III: COBRA. This count may include the allegations set forth in Count III of the Plaintiff's Original Complaint, as well as the following allegations set forth in Count II of Plaintiff's Proposed Amended Complaint: that the Administrative Record does not contain evidence of communications from Defendant to Plaintiff that Plaintiff that COBRA coverage and could receive certain treatments. It will also contain the allegation that Defendant made electing COBRA impossible by removing COBRA options from the portions of their website that Plaintiff could access.

iv.   Count IV: Request for Documents. This may include the allegations set forth in Count IV of Plaintiff's Original Complaint. This count may not include any other additions or supplements from Plaintiff's Proposed Amended Complaint.

ECF No. 46, PageID.2677-78.  Other than these additions, the Order made it clear that "The Court will strike *any* Amended Complaint that deviates from these directives *or* attempts to *further amend or supplement* the complaint." *Id.* at PageID.2678.

Despite these clear directives, Plaintiff filed a "Third Amended Complaint" which includes an entirely new "Count V -- Interference with

Entitled Benefits – EDB Plan Prohibited Acts". ECF No. 50, PageID.2746. In addition, Plaintiff supplemented Counts I-IV with additional claims that violate the strictures of the Court's Order as well. Defendant moves to strike the entire Third Amended Complaint as in violation of the Court's Order, or in the alternative, to strike those portions not explicitly approved by the Court's Order. The motion is well-taken and will be granted.

## I.   Legal Standard

A motion to strike is a request that part of a party's pleading or a piece of evidence be removed from the record. Rule 12(f) of the Federal Rules of Civil Procedure states that a pleading can be removed if it is redundant, immaterial, impertinent, or scandalous. Fed. R. Civ. P. 12(f). District courts have discretion in determining whether to grant a motion to strike. *Starnfes Family Office, LLC v. McCullar*, 765 F. Supp. 2d 1036, 1047 (W.D. Tenn. 2011) (citing *Seay v. Tenn. Valley. Auth.*, 339 F.3d 454, 480 (6th Cir. 2003)).

## II.   Discussion

Defendant moves to strike all or portions of Plaintiff's Third Amended Complaint. *See* ECF No. 51. Defendant contends that this complaint includes pleadings that are contrary to and in deviation from the Court's Order of June 1, 2020. *See id.* at PageID.2768; *see also* ECF No. 46, PageID.2676-78. That Order permitted Plaintiff to supplement

4

Counts I-IV in the specific manner directed by the Court. *Id*. at PageID.2676. In addition, the Court concluded that Counts V-XV of the Second Proposed Amended Supplemental Complaint were futile and therefore not permitted. *Id*. at PageID.2677. And finally, as stated above, the Court made clear that it would strike "any Amended Complaint that deviates from these directives or attempts to further amend or supplement the complaint." *Id*. at PageID.2678. Nevertheless, the Third Amended Complaint contains both a new "Count V," as well as several other allegations in Counts I-IV that were not authorized by the Court.

Here, Defendant asserts that many of these other allegations in Counts I-IV of the "Third Amended Complaint" were allegations that Plaintiff already presented in Counts V-XV. The Court explicitly considered and rejected these proposed supplements and amendments in its previous Order. Plaintiff may not circumvent this Court's directives by re-pleading rejected allegations within pre-existing Counts. The Court considers each allegation in turn.

## a. New Proposed Count V of Plaintiff's Third Amended Complaint.

The Third Amended Complaint includes a new count, "Count V -- Interference with Entitled Benefits – EDB Plan Prohibited Acts".  ECF No. 50, PageID.2746.  As a preliminary matter, this count will be stricken because it violates the Court's Order providing that no supplemental claims could be added.  More particularly, however, Defendant argues

5

that portions of Count V include arguments that the Court rejected by precluding Count VII in Plaintiff's proposed Second Amended Complaint. ECF No. 51, PageID.2768.

Count VII stated that Defendant made prohibited deductions to his Entitled Disability Benefit payments and that this amounted to ERISA interference. ECF No. 29-2, PageID.2485-88. But the Court rejected Count VII because Plaintiff failed to allege any adverse employment action nor did he try to do so. ECF No. 46, PageID.2659. Now, Plaintiff wants to insert this argument under Count V by tying Sixth Circuit case law to his allegations in a footnote. ECF No. 50, PageID.2745-48, fn. 5. Similarly, Plaintiff attempts to relitigate the issue by alleging a "casual [sic] link between [Plaintiff's] ERISA protected activity and GM's adverse employment action of plan prohibited EBB deductions." *Id*. at PageID.2752. The Court was clear in rejecting Plaintiff's motion to amend and supplement his complaint. He cannot now try to fix Count VII's deficiencies by addressing the reasoning in the Court's previous order and grafting it on to a new count in his new complaint.

Defendant also points out that Count V attempts to insert allegations of breach of fiduciary duty that this Court previously considered and rejected. Specifically, in Count V, Plaintiff requests relief "under ERISA § 1132(a)(3)" as well as "monetary damages, equitable relief, litigation costs, and reasonable attorney fees." ECF No. 50,

PageID.2752. As stated in the Court' previous Order, an ERISA claimant cannot "simply characterize a denial of benefits as a breach of fiduciary duty." ECF No. 46, PageID.2664 (citing *Wilkins v. Baptist Healthcare Sys., Inc.*, 150 F.3d 609, 615 (6th Cir. 1998)).

Similarly, the Court had rejected Plaintiff's allegations in Count X of the proposed Second Amended Complaint because Plaintiff was already able to seek equitable relief in other forms. Despite this ruling, Plaintiff again inserts a request under Count V that the Court order "monetary damages, equitable relief, litigation costs, and reasonable attorney fees." ECF No. 50, PageID.2753. The Court considered this question and rejected it, and Plaintiff cannot now repackage it and reassert it in his Third Amended Complaint.

Defendant also points out that paragraphs 60 to 68 of Count V "appear to be completely new and had not been included as proposed amendments." ECF No. 51, PageID.2769. Defendant moves to strike these portions because they "go beyond the supplements allowed by the Court to be included in an amended complaint." *Id*. Plaintiff admits that these portions are merely new facts that are more specific and intended to support existing claims. ECF No. 54, PageID.2784. ("These are new facts as the defendant referenced and in ¶ d above to correct their absence."). But he fails to show how these new facts relate to the existing counts. Indeed, as best as the Court can understand them, these new

7

facts pertain to Plaintiff's allegation that Defendant interfered with his benefits. But again, the Court considered this argument and rejected it. ECF No. 46, PageID.2672. Furthermore, the Court was clear that no additional amendments may be made to the complaint. *Id*. at PageID.2676 fn.9. This also means no additional counts. Defendant's motion to strike Count V in its entirety is granted. Accordingly, Defendant's motion to strike Count V of the Third Amended Complaint is granted. ECF No. 51, PageID.2768-69 (citing ECF No. 50, paragraphs 57-59, 61, and 64).

### b. Supplemental Allegations in Counts I, II, and III.

The Court has already explained that Plaintiff's added request for equitable relief violates the Court's previous order. ECF No. 51, PageID.2769-70. Therefore, the allegation in Count I of the Third Amended Complaint, paragraph 23, stating that Plaintiff "has no plain, speedy and adequate legal remedy" is inconsistent with the Court's order because it requests, among other forms of relief, equitable relief. ECF No.50, PageID.2735. Defendant's motion to strike this portion is granted. ECF No. 51, PageID.2769-70 (citing ECF No. 50, paragraph 23).

Plaintiff similarly inserts additional allegations in Count II by citing *Pearce v. Chrysler Group LLC Pension Plan,* 893 F.3d 339 (6th Cir. 2018) for the proposition that claimants may "seek equitable relief under ERISA § 502(a)(3)." Defendant maintains that ERISA claimants seek

8

equitable relief under § 1132(a)(3) for breach of fiduciary duty. *Id.* at
PageID.2737-38, paragraph 31. As analyzed above, the Court concluded
that a claim for breach of fiduciary duty is futile because Plaintiff is
already seeking relief under another provision of ERISA. ECF No. 46,
PageID.2664, 2674 (citing *Wilkins*, 150 F.3d at 615).

Also in his Third Amended Complaint, Plaintiff inserts paragraph
29 in Count II, which states that because of his dispute with Defendant,
he "has suffered bodily injury and medical distress." ECF No. 50,
PageID.2737. Defendant asserts that Plaintiff attempts "to seek recovery
for bodily injury and medical distress" under a claim for "extra-
contractual damages, such as emotional distress." ECF No. 51,
PageID.2770. But in its previous order, the Court considered whether
Plaintiff may supplement his pleadings with new allegations about
emotional distress. The Court concluded no because such damages are
unavailable in an ERISA claim. ECF No. 46, PageID.2760 (citing 29
U.S.C. § 1132(a)(1)(B); § 1132(g); *Mass. Mut. Life Ins. Co v. Russell*, 473
U.S. 134, 144 (1985). Consequently, Plaintiff may not raise this issue as
a supplement or amendment to his complaint. Based on the foregoing,
Defendant's motion to strike these portions is granted. ECF No. 51,
PageID.2770-71 (citing ECF No. 50, paragraphs 29 and 31).

Finally, Defendant contends that Plaintiff has supplemented Count
III COBRA Violation by alleging that the violation constitutes an

"adverse employment action." ECF No. 51, PageID.2771. The new allegation states, "Revoking Plaintiff's COBRA coverage is an 'adverse employment action' that interfered with Plaintiff obtaining his entitled COBRA benefit from the defendant." ECF No. 50, PageID.2741. The Court already concluded that such an allegation is futile and insufficient to state a § 1140 claim. ECF No. 46, PageID.2672. In addition, the Court ordered that Plaintiff may amend Count III by adding that "the Administrative Record does not contain evidence of communications from Defendant to Plaintiff that Plaintiff had COBRA coverage and could receive certain treatments." *Id*. at PageID.2678.  Plaintiff complied with the Court's Order by adding the preceding language, but he then added new language alleging an adverse employment action—and this allegation is a legal conclusion that the Court considered and rejected in its previous order. Plaintiff may not insert it now. Consequently, Defendant's motion to strike this portion is also granted. ECF No. 51, PageID.2771 (citing ECF No. 50, paragraph 40).

## CONCLUSION

For the foregoing reasons, the Court **ORDERS** the following:

- Count V of the Third Amended Complaint is **STRICKEN**;
- Any allegations in the Third Amended Complaint that were not specifically authorized by the Court's Order of June 1, 2020 are **STRICKEN**;

- Defendant's motion to strike is therefore **GRANTED**.

**IT IS SO ORDERED.**

Dated: February 26, 2021      s/Terrence G. Berg
_____
TERRENCE G. BERG
UNITED STATES DISTRICT JUDGE

## Certificate of Service

I hereby certify that this Order was electronically filed, and the parties and/or counsel of record were served on February 26, 2021.

s/A. Chubb
_____
Case Manager

11