UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| RICHARD PERKINS[1], PERSONAL REPRESENTATIVE OF THE ESTATE OF CHARLES STANTON FRALEY, DECEASED,<br><br>Plaintiff,<br><br>vs.<br><br>GENERAL MOTORS, LLC,<br><br>Defendants. | 4:16-CV-14465-TGB-MKM<br><br>**CONSOLIDATED ORDER**<br><br>**DENYING MOTIONS FOR ORDER OF COMPLIANCE (ECF NOS. 77,78);**<br><br>**DENYING MOTION FOR NEW TRIAL (ECF NO. 80);**<br><br>**DENYING MOTION FOR ATTORNEY FEES (ECF NO. 82);**<br><br>**DENYING MOTION TO ACCEPT LATE MOTION AS MOOT (ECF NO. 84); AND**<br><br>**GRANTING SECOND MOTION TO SUBSTITUTE PARTY (ECF NO. 90)** |

Before the Court are the Estate of Plaintiff Charles Fraley's motions for new trial and to amend the judgment (ECF No. 80) and for attorney fees (ECF No. 82). Both of these motions are untimely, fully briefed, and will be denied for the reasons explained herein. The Estate

---

[1] Case caption to be updated to reflect the new personal representative of Mr. Charles Fraley's Estate.

has also filed several other motions, including duplicate motions for "order of compliance" (ECF Nos. 77, 78); a motion for order to accept late motion (ECF No. 84); and a second motion to substitute party (ECF No. 90). The motions for compliance and the motion to accept late motion will be denied as moot. The second motion to substitute party will be granted. The Court will address each motion in this consolidated order.

## I.  INTRODUCTION

The history and background of this litigation is set forth in several prior Opinions and Orders of this Court. *See* ECF No. 13 (1/09/18 Opinion and Order denying plaintiff's motion for remand to supplement the administrative record); ECF No. 46 (6/01/2020 Opinion and Order denying in part, granting in part plaintiff's motion for leave to file amended and supplemental complaint; ECF No. 61 (2/26/21 Opinion and Order granting defendant's motion to strike); ECF No. 75 (1/26/2022 Opinion and Order granting in part and denying in part the Estate's motion for summary judgment, and granting in part and denying in part, GM's cross-motion for judgment on the record).

The Opinion and Order assumes familiarity with this lengthy history, but in summary this Court found that Plaintiff established a claim under ERISA for relief against GM for a COBRA violation, but that all other claims for relief should be dismissed, including claims for company-paid life insurance, health insurance, and access to requested

2

documents. *Buford v. Gen. Motors, LLC*, 2022 WL 258453 (E.D. Mich. Jan. 26, 2022); ECF No. 75. The Court also awarded Plaintiff statutory penalty damages in the amount of $1300 due to Defendant's violation of COBRA notification requirements. *Id*. The Court subsequently entered Judgment with instructions for Plaintiff to provide additional documentation for damages and attorney fees. ECF No. 76. Plaintiff now challenges the Court's findings and conclusions on liability and damages.

## II.   MOTION TO AMEND

### A. LEGAL STANDARD

Under Rule 59(a), a court may grant a new trial after a nonjury trial "for any reason for which a rehearing has . . . been granted in a suit in equity in federal court." Fed. R. Civ. P. 59(a)(1)(B). "A motion for a new trial in a nonjury case or a petition for rehearing should be based upon manifest error of law or mistake of fact, and a judgment should not be set aside except for substantial reasons." *Diagne v. Demartino*, No. 18-11793, 2018 WL 6064965, at *1 (E.D. Mich. Nov. 20, 2018) (citing *Tam v. Harrah's Tunica Corp.*, No. 08-2812, 2012 WL 2681810, at *3 (W.D. Tenn. July 6, 2012)). Because a new trial upsets a final outcome, "new trial motions are generally disfavored and should be awarded with great caution." *Id*. (citation and quotation marks omitted).

"A court may grant a Rule 59(e) motion to alter or amend if there is: (1) a clear error of law; (2) newly discovered evidence; (3) an intervening change in controlling law; or (4) a need to prevent manifest

3

injustice." *Intera Corp. v. Henderson*, 428 F.3d 605, 620 (6th Cir. 2005). This Court has "considerable discretion in deciding whether to grant Rule 59 motions." *Clark v. United States*, 764 F.3d 653, 661 (6th Cir. 2014). "Such motions, however, are 'not intended as a vehicle to relitigate previously considered issues;' 'should not be utilized to submit evidence which could have been previously submitted in the exercise of reasonable diligence' and are not the proper vehicle to attempt to obtain a reversal of a judgment 'by offering the same arguments previously presented.'" *Nagle Industries, Inc. v. Ford Motor Co.*, 175 F.R.D. 251, 254 (E.D. Mich.1997) (citing *Keweenaw Bay Indian Community v. United States,* 940 F. Supp. 1139, 1140 (W.D. Mich.1996).

In addition, Rule 60(b) allows "the court [to] relieve a party . . . from a final judgment . . . for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect . . ." Fed. R. Civ. P. 60(b)(1). Rule 60(b)(1) is intended to provide relief in two circumstances: "(1) when the party has made an excusable litigation mistake or an attorney in the litigation has acted without authority; or (2) when the judge has made a substantive mistake of law or fact in the final judgment or order." *Cacevic v. City of Hazel Park*, 226 F.3d 483, 490 (6th Cir. 2000) (citation omitted).

## B. DISCUSSION

This Court entered a final judgment dismissing this case with prejudice on January 26, 2022. ECF Nos. 75, 76. A motion requesting a new trial must be filed within 28 days after entry of the judgment. Rule

4

59(b). Similarly, a motion seeking to amend a final judgment must be filed within 28 day after entry of the judgment. Rule 59(e). The Estate filed its motion for new trial or to amend judgment (ECF No. 80), on February 24, 2022, 1 day late, in violation of Rule 59. The untimeliness of the motion alone is reason enough for this Court to deny the motion for new trial. *See Walker v. RDR Real Est.,* 727 F. App'x 142 (6th Cir. 2018). However, the Court denies the motion for new trial on the merits as well.

The Estate presumably attempts to make an error-of-law argument under all three avenues for relief (Rule 59(a) and (e) and Rule 60(b)), though it fails to cite to any particular cause of action. In support of its motion, the Estate claims that this Court applied the wrong legal standards and misinterpreted GM's Summary Plan Description, but does not provide any legal basis to support this argument. Rather, the Estate attempts to obtain a reversal of this Court's judgment "by offering the same arguments previously presented," including:

1. Charles Fraley was allegedly entitled to additional ERISA benefits based on terms in the Summary Plan Description, despite the Court finding the Plan terms he relied on applied only to employees, not retirees (ECF No. 75, PageID.3141);

2. Charles Fraley allegedly did not agree to a change in status that resulted in loss of payment by GM for Plan benefits, despite the Court finding evidence that he voluntarily chose to retire (ECF No. 75, PageID.3145);

5

3. Charles Fraley was allegedly entitled to statutory penalties for alleged failure by GM to timely produce plan documents, despite the Court concluding based on the administrative record that the requested documents were timely produced in two previous opinions (ECF No. 13, PageID.1072-73; ECF No. 75, PageID.3158);

4. Charles Fraley was allegedly entitled to extra-contractual damages, despite the Court repeatedly finding the law did not allow the addition of a breach of fiduciary duty claim since such a claim would have been a mere duplicate of his asserted claim for ERISA Plan benefits (ECF No. 46, PageID.2663; ECF No. 61, PageID.2862 and extracontractual damages are not available for claims seeking ERISA Plan benefits (ECF No. 75, PageID.3159-60).

The Estate proffers no evidence or even argument of "mistake, inadvertence, surprise, excusable neglect, or fraud" such as would justify relief under Rule 60. Nor is there any plausible claim of "a clear error of law . . . newly discovered evidence . . . [or] an intervening change in controlling law" as would justify relief under Rule 59(e). Nor does the Estate present facts that would require the Court to act "to prevent manifest injustice." Accordingly, the Court finds no basis to amend its findings or its judgment and is satisfied that it has articulated sufficient findings to explain the factual basis for its conclusions. Therefore, the motion for new trial or to amend judgment is denied and the Estate's motion to accept late motion (ECF No. 84) is denied as moot.

The Estate also contends that this Court has not made a final judgment on the pending matter, but provides no legal basis to assert such a claim. Accordingly, this argument is summarily rejected along with the other baseless arguments the Estate attempts to advance post final judgment.

### III. MOTIONS FOR ORDER OF COMPLIANCE

On January 26, 2022, this Court issued an order instructing the Estate to provide proof of unpaid medical expenses and to pay the necessary premium to reinstate retroactive COBRA coverage for the months in which Mr. Fraley should have received medical coverage. On February 16, 2022, the Estate filed duplicate motions for order of compliance (ECF Nos. 77, 78), providing documentation regarding the date Mr. Fraley began receiving Medicare benefits and any unpaid medical expenses he incurred during the lapse in his health insurance. Based upon this documentation, the Court finds that Mr. Fraley's Medicare coverage became effective on October 1, 2014. ECF No. 78-1, PageID.3202. Therefore, Mr. Fraley is entitled to retroactive COBRA coverage and any unpaid medical expenses, that would have otherwise been covered under COBRA, from March 1, 2014 (the date he lost GM-paid health insurance) through October 1, 2014. However, the Estate has

failed to provide any documentation that Mr. Fraley incurred any unpaid medical expenses during his gap in coverage.

Rather, the Estate has submitted tax returns and an affidavit from an economic expert, David Carroll Corson, who claims a net credit is owed to the Estate in the amount of $67,804.75 after the deduction of $4,515.43 for unpaid COBRA premiums. ECF Nos. 77, 77-1. Mr. Corson bases his damages calculation on the assumption that even though Mr. Fraley stopped treatment after unenrolling in GM's retiree healthcare plan, he is legally entitled to be made whole for BENLYSTA treatments he did not receive and expenses he did not incur. He states that due to lack of insurance coverage from March 1, 2014 through October 1, 2014, Mr. Fraley did not receive his BENLYSTA treatments to which he otherwise would have been entitled. ECF No. 77-1, PageID.3179-80.

Mr. Corson's damages calculation is only an estimate (which he claims is "impossible to calculate exactly," *id.* at PageID.3181), because the Estate cannot proffer any documentation for the costs of BENLYSTA treatments Mr. Fraley did not receive and for which he therefore did not pay for. Although Mr. Fraley states that he was billed $10,523 for his April 2, 2014 treatment, there is no record of this bill or that payments were ever made toward it. In fact, during oral argument on October 19, 2021, counsel for Mr. Fraley stated that any unpaid bills were covered by the hospital. And in response to GM's brief, the Estate now again states that "Henry Ford Hospital eventually discontinued collection efforts,"

8

indicating that there is no unpaid expense for the BENLYSTA treatments to the Estate's knowledge. ECF No. 85, PageID.3327.

More importantly, Mr. Corson's damages total is an estimate for extracontractual damages which this Court has already stated may not be granted as a remedy under ERISA. Moreover, as of this date on the record before the Court, the Estate has not tendered the COBRA premium payment of $4,515.43 to GM to reinstate retroactive COBRA coverage. ECF No. 78, PageID.3198. Accordingly, there is no indication that Mr. Fraley is entitled to any damages based upon unpaid medical expenses on the record. Because the Court does not have a basis for awarding damages to Mr. Fraley's Estate, these motions must be **DENIED**.

### IV. MOTION FOR ATTORNEY FEES

#### A. LEGAL STANDARD

The court has discretion to award attorney's fees in ERISA cases. 29 U.S.C. § 1132(g)(1). *See also Hardt v. Reliance Standard Life Ins. Co.*, 560 U.S. 242, 245 (2010) (finding that § 1132(g)(1) grants district courts discretion to award attorney's fees to either party, and that "the fee claimant need only achieve 'some degree of success on the merits'") (quoting *Ruckleshaus v. Sierra Club*, 463 U.S. 680, 694 (1983)). The Sixth Circuit relies on five factors in determining whether attorney's fees are appropriate in an ERISA claim: (1) the degree of the opposing party's culpability or bad faith; (2) the opposing party's ability to satisfy an

9

award of attorney's fees; (3) the deterrent effect of an award on other persons under similar circumstances; (4) whether the party requesting fees sought to confer a common benefit on all participants and beneficiaries of an ERISA plan or to resolve significant legal questions regarding ERISA; and (5) the relative merits of the parties' positions. *Armistead v. Vernitron Corp.*, 944 F.2d 1287, 1301 (6th Cir. 1991) (abrogated on other grounds, *M & G Polymers USA, LLC v. Tackett*, 135 S. Ct. 926 (2015)). None of these factors is dispositive and the district court may "take into consideration . . . punishing bad faith litigants, providing the plaintiff with complete relief in appropriate cases, preventing the unjust enrichments of those who benefit from successful litigation, or removing deterrents to meritorious litigation by reducing the disparity between the resources available to the parties." *Id*. at 1303.

The party seeking attorney's fees bears the burden of presenting evidence that the proposed attorney's fees are reasonable. *Hensley v. Eckerhart*, 461 U.S. 424, 436 (1983)). "The key requirement for an award of attorney fees is that '[t]he documentation offered in support of the hours charged must be of sufficient detail and probative value to enable the court to determine with a high degree of certainty that such hours were actually and reasonably expended in the prosecution of the litigation.'" *Imwalle v. Reliance Med. Prods.*, 515 F.3d 531, 553 (6th Cir. 2008) (citing *United Slate, Tile & Composition Roofers Damp &*

*Waterproof Workers Ass'n, Local 307 v. G & M Roofing & Sheet Metal Co.,* 732 F.2d 495, 502 n.2 (6th Cir. 1984)).

Attorneys who seek fees have an obligation "to maintain billing time records that are sufficiently detailed to enable courts to review the reasonableness of the hours expended" on the case. *Wooldridge v. Marlene Indus. Corp.,* 898 F.2d 1169, 1177 (6th Cir. 1990), *abrogated on other grounds by Buckhannon Bd. & Care Home, Inc. v. W. Va. Dep't of Health & Human Resources,* 532 U.S. 598 (2001). The Sixth Circuit has established that "[in] obtaining the number of hours expended on the case, the district court must conclude that the party seeking the award has sufficiently documented its claim." *Imwalle,* 515 F.3d at 552 (citing *G&M Roofing*, 732 F.2d at 502).

"Where the documentation is inadequate, or recently compiled retrospective estimations of time expended," the Court should be hesitant to award fees. *G&M Roofing*, 732 F.2d at 502. In such cases, the district court may use its discretion to reduce the award accordingly." *Hensley*, 461 U.S. at 433. Fees that are not reasonably expended, such as fees incurred as a result of duplication of efforts, are to be excluded. *Id*. In assessing the "reasonable hourly rate" component of the lodestar method, the district court should assess the "prevailing market rate in the relevant community." *Blum v. Stenson*, 465 U.S. 886, 895 (1984). The prevailing market rate is "that which lawyers of comparable skill and experience can reasonably expect to command within the venue of the

11

court of record." *Addock-Ladd v. Sec. of Treasury*, 227 F. 3d 343, 350 (6th Cir. 2000).

## B. DISCUSSION

In its January 26, 2022 Order, this Court found that the Estate prevailed on its COBRA violation claim against GM in that Plaintiff was entitled to elect COBRA continuation coverage during the months between the termination of Plaintiff's company-paid health insurance and the commencement of his Medicare coverage. ECF No. 75. The Court also awarded the Estate a statutory penalty for GM's failure to provide notice. The Estate's success on Mr. Fraley's COBRA claim weighs in favor of granting some amount of attorney's fees. *See Hardt*, 560 U.S. at 255. However, in entering judgment against Defendant, the court did not include a finding that Defendant acted in bad faith. In addition, the nature of Plaintiff's award of a per diem statutory penalty is not compensatory, but a penalty that already contemplates the deterrent effect on other persons under similar circumstances. *See Bartling v. Fruehauf Corp.*, 29 F.3d 1062, 1069 (6th Cir. 1994) (noting that the purpose of the ERISA statutory penalty for failure to disclose plan documents is to penalize the employer). Finally, the fourth factor is not relevant here, as the case did not involve complex legal questions regarding ERISA, nor is Plaintiff requesting fees to confer a common benefit on participants of an ERISA plan. Thus, the Sixth Circuit's first, third, and fourth factors weigh less heavily in the court's

12

consideration. *Armistead*, 944 F.2d at 1301–04. Instead, the court looks primarily to the relative merits of the parties' positions, and the other "legitimate, relevant purposes for which fee-shifting has been permitted or proposed." *Id.* at 1303.

The Court instructed Plaintiff's Estate to submit documentation to ascertain the amount of any damages Mr. Fraley incurred during the gap in coverage and proof of COBRA premium payment for retroactive reinstatement of coverage. This Court initially set a due date of February 16, 2022, to file supporting evidence and memoranda for both damages and attorney fees. The Court then granted the parties' stipulation to extend the Estate's deadline to March 2, 2022. ECF No. 79. However, the Estate filed the motion for attorney fees on March 7, 2022, five days after the extended deadline, without requesting leave from the Court. ECF No. 82. In addition, the Estate has filed no documentation supporting its claim for fees nor expressed a dollar amount from which the Court could quantify a reasonable fee award, other than a total estimate of the hours spent and the $300 per hour rate. Instead, counsel for Plaintiff attaches a screen shot of the docket history and a screenshot of a directory emails (not the emails themselves, but a list of them) regarding the litigation in this case. ECF Nos. 82-1, 82-2. He also provides an affidavit with general estimates of the hours he speculates he has spent over the course of litigation preparing for the case (at least 183 hours) and the amount of time he typically spends on court appearances (5 hours). ECF No. 82,

13

PageID.3250-51. As an experienced attorney with over 50 years of representing clients, Plaintiff's counsel should be aware that general statements of speculated hours will not suffice as proper documentation for attorney fees. And the cases cited out of the California court of appeals to suggest that attorney fees may be based on declarations of counsel alone, without production of detailed time records, are unpersuasive under this jurisdiction. *See* ECF No. 82, PageID.3244-45. This is particularly concerning in a case where the Court has dismissed all, except one, of Plaintiff's claims in favor of the Defendant. When a lawyer wishes to seek an award of attorney's fees in a case, he is obligated to keep track of the hours spent on the matter. To grant a fee award in the absence of *any* billing records demonstrating the actual amount of hours expended on litigating this matter would be a miscarriage of justice.

Given the Estate's excessive motion practice throughout the history of this litigation, including the attempt to re-litigate claims that the Court expressly stated were not legally supported and could not advance at the pleading stage, and the Estate's continued failure to meet procedural requirements and deadlines, as well as the failure to furnish any reliable evidence supporting a determination of attorney fees, the Court finds that in the interest of justice, fairness, and judicial efficacy, an award of fees is not warranted in this case. Accordingly, the request for attorney fees is **DENIED**.

14

## V. SECOND MOTION TO SUBSTITUTE PARTY

On September 5, 2020, the Plaintiff, Mr. Charles Fraley, passed away. On February 26, 2021, this Court issued an Order granting Plaintiff's request to substitute party pursuant to Fed. R. Civ. P. 25(a)(1). ECF No. 60. The Court has been informed that William Landers Buford, Mr. Fraley's Personal Representative passed away on March 2, 2022 and the Estate now moves for a second substitution of party pursuant to Fed. R. Civ. P. 25(a)(1). ECF No. 90. Richard Perkins has been appointed as the personal representative of the Estate of Mr. Buford, (ECF No. 90, PageID.3417) and the personal representative of the Estate of Mr. Fraley, (*Id.* at PageID.3419). Defendant does not object generally to the motion but raises objections to the extent that "some claims or some requested relief may not have survived, especially now that Mr. Fraley's surviving spouse, who was the personal representative of Mr. Fraley's estate, has also passed away." ECF No. 92, PageID.3428. This motion is well-taken and is hereby **GRANTED**.

## VI. CONCLUSION

For the foregoing reasons, the Estate's Motion for New Trial (ECF No. 80) is **DENIED**.

**IT IS FURTHER ORDERED** that the Motion to accept late motion (ECF No. 84) is **DENIED AS MOOT**.

**IT IS FURTHER ORDERED** that the Motions for Order of Compliance (ECF Nos, 77, 78) **ARE DENIED**.

**IT IS FURTHER ORDERED** that the Motion for Attorney Fees (ECF No. 82) is **DENIED**.

**IT IS FURTHER ORDERED** that the Second Motion to Substitute Party (ECF No. 90) is **GRANTED**.

**IT IS SO ORDERED.**

This case is closed.

Dated: August 16, 2022         s/Terrence G. Berg
                               TERRENCE G. BERG
                               UNITED STATES DISTRICT JUDGE

**Certificate of Service**

I hereby certify that this Order was electronically filed, and the parties and/or counsel of record were served on August 16, 2022.

                               s/A. Chubb
                               Case Manager